391 F.2d 535
 Alan T. CALHOUN, as Executor of the Estate of Julian Calhoun, Deceased, Appellant,
v.
WASHINGTON INVESTORS PLANS, INC., Bankers Security Life Insurance Society, Empire State Mutual Life Insurance Company and the United States Life Insurance Company, Appellees.
 No. 11557.
 United States Court of Appeals Fourth Circuit.
 Argued February 7, 1968.
 Decided February 23, 1968.
 
 James B. Stephen, Spartanburg, S. C. (Harvey W. Johnson, Spartanburg, S. C., on brief), for appellant.
 Horace L. Bomar, Spartanburg, S. C. (Holcombe, Bomar & Cureton, Spartanburg, S. C., on brief), for appellee Washington Investors Plans, Inc.
 Rembert D. Parler, Spartanburg, S. C. (Butler, Chapman & Parler, Spartanburg, S. C., on brief), for appellees insurance companies.
 Before SOBELOFF, BOREMAN and BUTZNER, Circuit Judges.
 PER CURIAM:
 
 
 1
 Alan Calhoun, as Executor of the estate of his father, Julian Calhoun, appeals from the District Court's order granting the motions of all defendants-appellees for summary judgment.
 
 
 2
 The appellee, Washington Investors Plans, was in the business of sponsoring the sale of investment plans involving the accumulation of shares in various mutual funds. Two types of plans were offered. The first, or Systematic Accumulation Plan with Insurance, provided plan completion insurance to guarantee the monthly payments should the planholder die during the term of the plan. The issuance of such plans was contingent on the acceptance of the applicant by the appellee insurance companies. Plans were also offered without the accompanying insurance, in which case the plan terminated at the time of the holder's death.
 
 
 3
 On September 16, 1959, the elder Calhoun, then 77 years old, applied for a Plan with Insurance or, if he were "not acceptable for insurance by the insurance companies," for a Plan without Insurance. Although his application for the requisite insurance was denied, the appellant's father was mistakenly informed that he had qualified for the plan with insurance by being mailed a "Statement of Insurance" and the "Systematic Accumulation Plan with Insurance" forms. Within the week, before the elder Calhoun could take any action in reliance on this correspondence, the error was discovered and he was so notified. This notice was confirmed about a week later by registered letter. Thereafter, for five years, Calhoun made his monthly payments and received notices showing that no deductions were being made for insurance but that the entire amount was credited to his investment account.
 
 
 4
 Appellant contends that a binding agreement was created by the initial communication, erroneously sent and promptly corrected. For the reasons fully stated by the District Court,[1] we reject this contention and affirm its order granting defendants' motions for summary judgment.
 
 
 5
 Affirmed.
 
 
 
 Notes:
 
 
 [1]
 Calhoun v. Washington Investors Plans, et al., 281 F.Supp. 714 (D.S.C.1967)